## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **JOHN HAMPTON**, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| **OTB ACQUISITION, LLC** <br> 2201 W Royal Lane <br> Suite 240 <br> Irving, TX 75063 | |
| <u>Serve</u>: R/A: CT Corporation System <br> 4701 Cox Road, Suite 285 <br> Glen Allen, VA 23060 | |
| | **TRIAL BY JURY DEMANDED** |
| Defendant. | |

## **COMPLAINT**

COMES NOW, the Plaintiff, John Hampton ("Hampton" or "Plaintiff"), by and through his undersigned counsel and moves this Honorable Court for judgment against the Defendant, OTB Acquisition, LLC ("OTB" or "Defendant"), on the grounds and praying for the relief hereinafter set forth:

### **Introduction**

1. This action involves the discrimination and retaliation by Defendant against Plaintiff on the basis of his race.

2. Hampton is a dishwasher and former employee of Defendant.

3. Hampton is also African American.

4. In or around May 2017, Hampton was terminated from his position of employment on the basis of his race and in retaliation for reporting discriminatory conduct.

1

## Parties

5. Plaintiff, John Hampton, is, and at all times relevant hereto, a resident of the Commonwealth of Virginia, Fairfax County.

6. Defendant, OTB Acquisition, LLC, is a limited liability company organized in the state of Delaware, with a principal place of business in Irving, Texas.

7. Upon information and belief, OTB Acquisition, LLC is operating in Virginia under the unregistered fictious name(s), "On the Border," "On the Border Mexican Grill," and/or "On the Border Mexican Grill & Cantina."

## Jurisdiction and Venue

8. This action is brought by Plaintiff for damages on account of Defendant's racially discriminatory practices as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

9. This Court has federal question subject matter jurisdiction over Hampton' claims pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1981 *et seq*., and 42 U.S.C. § 2000e *et seq*.

10. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to these claims occurred in this district, and as all of the acts complained of herein occurred in the Commonwealth of Virginia.

11. Hampton has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

    a. Prior to filing the present action, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission (EEOC) alleging discrimination on account of his race and retaliation.

    b. On September 27, 2018, the EEOC issued Plaintiff a notice of dismissal and notice of

     his suit rights.

  c. The Complaint in this matter was filed with this Court within ninety (90) days from the receipt of the "Notice of Right to Sue".

## Statement of Facts

12. Plaintiff is an African American male, who was employed by Defendant from April 2016 until May 2017.

13. Plaintiff's physical appearance and skin color make it open and obvious that he is African American.

14. During the course of Plaintiff's employment, he was subjected to repeated derogatory racial comments by his co-workers.

15. No other non-African American employees were subjected to such treatment.

16. Plaintiff reported these instances to his managers.

17. In or around February 2017, Plaintiff reported to Defendant that only his hours were being reduced, and Plaintiff felt that such reduction occurred because he was the only African American employee.

18. On or around May 12, 2017, Plaintiff arrived for work and co-worker, Herber Siguenza ("Siguenza") told Plaintiff, "Fu** you ni****," "I'll punch the shit out of your ni**** face."

19. Siguenza has admitted to making this statement.

20. The same day, Plaintiff reported the incident to human resources and to his manager, Dalton Braid ("Braid").

21. Braid assured Plaintiff that Siguenza would be terminated from employment as a result of his conduct. However, upon information and belief, Siguenza was not terminated.

22. On or around May 13, 2017, Siguenza arrived at the restaurant and began changing his clothes

for work.

23. Plaintiff went to his manager's office and complained that nothing had been done about Siguenza, despite the fact that he had made racially offensive and harassing statements to Plaintiff the previous day.

24. When Plaintiff mentioned that he would have to speak to a lawyer about this issue, Plaintiff was told, "I didn't think your type had lawyers."

25. On May 19, 2017, Plaintiff's next scheduled shift, he was terminated from employment.

26. This occurred five (5) days after reporting the instance of racial discrimination and harassment.

27. Plaintiff never received negative performance reviews or any verbal or written reprimands of any nature.

28. Plaintiff was treated differently than other non-African American employees, who were never harassed, discriminated against or terminated for reporting such instances.

29. Instead, Plaintiff was terminated for allegedly making threatening statement's about Siguenza when reporting the instance of harassment.

30. However, Siguenza was not terminated for making threatening statements to Plaintiff or making racially offensive, harassing and hostile comments.

31. Siguenza is not African American.

32. In reality, Plaintiff was terminated on the basis of his race and in retaliation of the discrimination complaint he made to Defendant.

33. At all relevant times, Defendant was an "employer" as that term is defined in 42 U.S.C. § 2000e(b) as it is a company "engaged in an industry affecting commerce who ha[d] fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or proceeding calendar year." Defendant is thus covered by and subject to Title VII of

the Civil Rights Act of 1964.

## COUNT 1
### Racial Discrimination and Termination in Violation of Title VII of the Civil Rights Act of 1964, as amended

34. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

35. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's race, in violation of 29 U.S.C §2000e-2(a)(1).

36. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

37. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

38. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

39. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided for by 29 U.S.C §2000e-5(k).

## COUNT II
### Retaliation and Wrongful Discharge in Violation of Title VII of the Civil Rights Act of 1694, as amended

40. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

41. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's race and reporting of the discriminatory conduct.

42. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

43. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

44. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

45. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided for by 29 U.S.C §2000e-5(k).

## COUNT III
### Hostile Work Environment

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**

46. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

47. Plaintiff subjectively perceived Defendant's treatment to be discriminatory, hostile, and offensive; and the treatment was objectively discriminatory, hostile, and offensive.

48. Defendant's hostility was due to Plaintiff's race.

49. Following these actions, Plaintiff was subsequently discharged from employment.

50. The Defendant's conduct as alleged herein constitutes hostile and abusive working environment.

51. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as an employee.

52. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

53. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of this suit.

   WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

   A. Enter judgment on his behalf against Defendant;

   B. Award Plaintiff compensatory damages and punitive damages;

   C. Award Plaintiff back pay and front pay;

   D. Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-

judgement interest;

E. Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; and

F. Grant such other relief as this Court may consider just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted,

    JOHN HAMPTON

    /s/ Zach Miller_____
    Zach Miller (VSB No. 85860)
    MCCLANAHAN POWERS, PLLC
    8133 Leesburg Pike, Suite 130
    Vienna, VA 22182
    Telephone: (703) 520-1326
    Facsimile:  (703) 828-0205
    Email: zmiller@mcplegal.com
    *Counsel for Plaintiff*